**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Furst, et al., | No. CV-20-01651-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

Plaintiffs are Hanna Furst ("Hanna"), Robert Furst ("Robert"), and the DHF Corporation Profit Sharing Plan ("the Plan"). Defendants are Linda Mayne ("Linda") and her spouse, Steven Mayne. Before the Court are Defendants' motion to partially dismiss the complaint (Doc. 40) and Robert's motion for an order to show cause (Doc. 70), both of which are fully briefed. As explained below, Defendants' motion for partial dismissal is granted in part and denied in part, and Robert's motion for an order to show cause is denied.

**I.      Background**

      **a.  Allegations in the Complaint**

Hanna and her spouse, David Furst ("David"), formed DHF Corporation in the 1980s. DHF Corporation formed the Plan, which is a defined contribution, individual account, employee pension benefit plan covered by the Employment Retirement Income Security Act ("ERISA"). The Plan sponsor is DHF Corporation; the sole employee-participant of the Plan was David; prior to February 2018, the Plan trustees and

administrators were David and Hanna; and the Plan's assets presently consist of three stock, bond, and cash portfolios maintained at TD Ameritrade, Charles Schwab, and E-Trade, respectively. In February 2018, Linda and Robert were appointed as the Plan's new co-trustees. David passed away in 2019, leaving Hanna as the sole Plan beneficiary.

After David's death, Linda instructed TD Ameritrade not to permit any further investments or disbursements, resulting in those funds being invested unproductively in cash. Linda also obstructed efforts by Robert to obtain access to the Plan's various accounts. The Plan's Charles Schwab and E-Trade accounts have not been productively invested since February 2019.

In December 2019, Hanna requested distribution of her entire interest as a beneficiary under the Plan. Linda did not agree to the requested distributions.

The complaint accuses Linda of breaching her fiduciary duties of prudence and loyalty under ERISA. The complaint also seeks equitable relief under ERISA in the form of an order declaring that Hanna is entitled to full distribution of Plan assets, prohibiting Linda from interfering with the Plan distribution, identifying the Plan trustee(s) and administrator(s), removing Linda from any fiduciary or other role in relation to the Plan, and appointing a qualified replacement.

**b. Procedural History**

Robert is an attorney. In this lawsuit, he brings claims on behalf of himself, Hanna, and the Plan. On March 16, 2021, Defendants moved to partially dismiss the complaint. (Doc. 40.) That same day, they moved to disqualify Robert as counsel for Hanna based on an alleged non-waivable conflict of interest. (Doc. 41.) Defendants argued that "[b]efore this matter is further litigated, [Hanna] is entitled to have counsel that is not conflicted by his personal interest." (*Id.* at 2.)

The Court set oral argument on the motion to disqualify (Doc. 49), but subsequently continued oral argument twice at the request of the parties because a California superior court was in the process of appointing a temporary conservator for Hanna (Docs. 53, 55, 56, 57.) On July 26, 2021, new counsel entered appearances in this case on behalf of

Hanna, by and through her conservator. (Doc. 60.) Based on a status report filed that same day, the Court denied Defendants' motion to disqualify as moot. (Doc. 61.) The Court then ordered the parties to confer and to submit a joint status report regarding how Hanna, now represented by new counsel, intended to proceed in this matter. (Doc. 63.) After two rounds of status reports, the Court ordered that Hanna may, if she so chooses, file her own response to the pending motion to dismiss. (Docs. 64, 65, 66, 67.) Hanna filed her response on October 19, 2021. (Doc. 68.) Defendants filed their reply on October 26, 2021. (Doc. 69.)

## II. Motion for Partial Dismissal

Defendants' motion for partial dismissal argues: (1) the claims brought on behalf of the Plan should be dismissed because Robert lacks authority to bring this action on behalf of the Plan; (2) the claims brought on behalf of Hanna should be dismissed because Hanna did not exhaust her administrative remedies under the Plan; (3) claims involving alleged failures by Linda to invest Plan assets productively should be dismissed because investing Plan assets in alternative investments was prohibited under the Plan; and (4) the allegations regarding Linda's purported breach of the duty of prudence by not investing Plan assets productively are not plausible. (Doc. 40 at 1-2.)

### a. Legal Standard

When analyzing a complaint for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

### b. Analysis

#### 1. Claims Purportedly Brought by Hanna

Hanna, through new counsel retained by her conservator, does not oppose dismissal of the claims that Robert purported to bring on her behalf. (Doc. 68.) Defendants, however, refuse to consent to a dismissal without prejudice. To put this in perspective, Defendants moved to disqualify Robert as counsel for Hanna, arguing that Robert could not represent Hanna because of a non-waivable conflict. Now, after Hanna has been appointed a conservator and after that conservator has retained new, non-conflicted counsel, Defendants take the position that Hanna should be bound by Robert's actions on her behalf—actions that Defendants previously argued he was not qualified to take—such that any dismissal should be with prejudice.

Defendants' position is untenable. Hanna asks that the Court dismiss the claims that Robert purported to bring on her behalf without prejudice to her bringing some form of those claims in the future through non-conflicted counsel. This request is reasonable and, under the unique circumstances of this case, just. The claims against Hanna are dismissed without prejudice.

#### 2. Claims Purportedly Brought by the Plan

The claims purportedly brought by the Plan must be dismissed. Section 7.3(i) of the Plan gives the trustees authority to "commence or defend suits or legal or administrative proceedings, and to represent the Plan in all suits and legal and administrative proceedings." (Doc. 40-1 at 31.) Section 7.6 provides: "Except where there has been an allocation and delegation of powers, if there shall be more than one Trustee, they shall act by a majority of their number, but may authorize one or more of them to sign papers on their behalf." (*Id.* at 32.) And Section 7.5 provides:

> If more than one person is appointed as Trustee, the responsibilities of each Trustee may be specified by the Employer and accepted in writing by each Trustee. In the event that no such delegation is made by the Employer, the Trustees may allocate the responsibilities among themselves in a written document signed by all Trustees, in which event the Trustees shall notify the Employer and the Administrator in writing of such action and specify the responsibilities of each Trustee. The Administrator thereafter shall accept and rely upon any documents executed by the appropriate Trustee until such time as the Employer or the Trustees file with the Administrator a written revocation of such designation.

(*Id.*)  As alleged, Linda and Robert are co-trustees of the Plan.  The complaint does not allege that Linda agreed to authorize the Plan to bring this action, nor does the complaint allege that Robert was delegated authority to bring this action.  Based on the allegations in the complaint, the majority threshold to bring suit as required by Section 7.6 of the Plan has not been met.  The claims purportedly brough by the Plan therefore are dismissed.

### 3. Claims Brought by Robert

This leaves the claims brought by Robert on behalf of himself, as co-trustee of the Plan.  Defendants do not move to dismiss all claims.  They, instead, move to dismiss those claims predicated on Linda's alleged failure to invest Plan assets in more productive investment alternatives.  They raise two arguments.

First, Defendants argue that these claims must be dismissed because Section 7.6 of the Plan requires a majority of trustees to agree to such reinvestments and, here, the complaint alleges neither that Linda has consented to the reinvestments Robert desires, nor that Robert has been delegated authority to make such reinvestments.  But this argument misses the point.  Robert does not allege that he has authority to reinvest Plan assets and Linda is interfering with the exercise of that authority; he instead alleges that Linda's refusal to give her consent to reinvesting Plan assets is, itself, a breach of fiduciary duty.  Defendants' first argument is rejected.

Second, Defendants argue that the complaint does not plausibly allege that Linda breached her duty of prudence by failing to invest plan assets productively.  In particular, Defendants argue that there are many reasons why a plan fiduciary would maintain cash

reserves instead of investing all assets in brokerage accounts. For example, given Hanna's advanced age, having cash on hand to pay for expenses associated with aging is prudent.

These arguments might carry more weight at a later stage of litigation. But this is the pleading stage. The allegations in the complaint must be taken as true and construed in the light most favorable to Robert. Fairly read, the complaint does not allege that Linda violated her duty of prudence by maintaining *some* Plan assets in cash. The complaint instead alleges that Linda has prevented *all* Plan assets from being invested productively since early 2019. The Court finds that the complaint states a plausible claim to relief. Defendants' motion to dismiss Robert's breach of the duty of prudence claims against Linda is denied.

### c. Conclusion

To summarize, the Court dismisses the claims purportedly brought by Hanna but does so without prejudice. The Court also dismisses the claims purportedly brought on by the Plan. The Court does not dismiss any claims brought by Robert.

### III. Motion for an Order to Show Cause

On February 7, 2022, Robert filed an application for an order to show cause. (Doc. 70.) The application requests that the Court order Linda to explain why Hanna is not entitled to full distribution of her Plan benefits. This is not how federal litigation works. A plaintiff does not file a lawsuit and then ask the Court to order the defendant to explain why she should not lose the case. Robert filed this lawsuit. He bears the burden of proving his claims; Linda does not bear the burden of proving a negative. Robert's application is denied.

**IT IS ORDERED** as follows:

1. Defendants' motion for partial dismissal (Doc. 40) is **GRANTED IN PART** and **DENIED IN PART** as explained herein.
2. Robert Furst's application for an order to show cause (Doc. 70) is **DENIED**.

/ / /

/ / /

3. Defendants' motion for leave to file a sur-reply in connection with Robert Furst's application for an order to show cause (Doc. 73) is **DENIED** as moot.

Dated this 16th day of March, 2022.

                                                      Douglas L. Rayes
                                                     United States District Judge