**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Furst, et al., | No. CV-20-01651-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

Before the Court is Plaintiff's motion for leave to amend (Doc. 89), which is fully briefed (Docs. 91, 92). Leave to amend should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). When assessing the propriety of a motion for leave to amend, the court considers factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)."Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Plaintiff's operative complaint alleges a breach of fiduciary claim under ERISA. He seeks to amend his complaint to add an alternative common law claim for breach of fiduciary duty because Plaintiff has reason to believe the DHF Corporation Profit Sharing Plan is not covered by ERISA (including ERISA's preemption provisions), despite the Plan's language to the contrary. Defendants oppose amendment, arguing that leave should

be denied because it contains venue allegations inconsistent with the operative complaint, is unduly delayed, and is futile because the Plan is an ERISA plan and ERISA preempts state common law.

Having considered the parties' briefs, the Court will grant Plaintiff's motion. Plaintiff has not previously amended his complaint. He filed his motion for leave to amend within the deadline for amending pleadings. He has explained why he did not previously allege a common law breach of fiduciary duty claim. The proposed amendment is fairly minor. And Defendants, who have the burden of showing futility, have not meaningfully addressed Plaintiff's contention that the Plan, despite purporting to be covered by ERISA, does not qualify as an ERISA plan. The Court will not resolve this legal issue on the thin briefing before it. Instead, it will permit the amendment and allow the parties to address the preemption issues at a later stage of litigation. The factual allegations underlying both the common law and ERISA breach of fiduciary duty claims are the substantially the same. It therefore does not appear that the amendment will significantly expand the scope of this litigation.

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 89) is **GRANTED**.

Dated this 3rd day of March, 2023.

Douglas L. Rayes
United States District Judge