**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Furst, et al., | No. CV-20-01651-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

    In the operative complaint, Plaintiff brings breach of fiduciary duty claims against Defendants under the Employment Retirement Income Security Act ("ERISA"). (Doc. 1.) Within the deadline for amending pleadings, Plaintiff filed a motion for leave to amend his complaint to add a common law breach of fiduciary duty claim. (Doc. 89.) Although ERISA would preempt such a common law claim, Plaintiff wished to bring a common law claim in the alternative and out of caution, in the event the plan at issue is found not to be governed by ERISA. Given the liberal policy favoring amendments that are requested within the deadline for amending pleadings, the Court granted Plaintiff's motion for leave to amend on March 3, 2023. (Doc. 102.) Under Local Rule of Civil Procedure 15.1(a), Plaintiff was required to file and serve his amended pleading within 14 days of the order granting leave. Plaintiff did not do so.

    On May 25, 2023, the Court held a telephonic conference to discuss whether either side intended to file a dispositive motion. (Doc. 103.) At this conference, Plaintiff realized

his error in failing to timely file and serve his amended complaint, and Defendants indicated that they would oppose a tardy filing because discovery had since closed, and they were preparing to file a summary judgment motion.

Later that day, Plaintiff filed his amended complaint. (Doc. 104.) Defendants have moved the Court to strike it. (Doc. 105.) And in response, Plaintiff has asked the Court to retroactively extend the 14-day deadline and accept his amended complaint as timely. (Doc. 106.)

When a party fails to timely file a document, Federal Rule of Civil Procedure 6(b)(1)(B) permits the Court to retroactively extend the deadline for good cause "if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept." *Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). When considering whether a party's neglect is excusable, the Court considers: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). However, the Supreme Court and Ninth Circuit have repeatedly stated that mere "inadvertence, ignorance of the rules, or mistakes construing the rules" do not constitute excusable neglect. *Id.*; *see also Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir. 1994) ("[M]isconstruction of a nonambiguous rule cannot, under Ninth Circuit precedent, constitute excusable neglect to justify an extension of time[.]").

Here, Local Rule of Civil Procedure 15.1(a) is clear and unambiguous, and Plaintiff offers no reason for his failure to comply. As such, the third factor—the reason for the delay—cuts decisively against Plaintiff. And absent "a persuasive justification for his misconstruction of nonambiguous rules . . . there is no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect." *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996).

Instead of offering a reason for his delay, Plaintiff focuses on the remaining three

equitable factors. But even among those, only one weighs in his favor. The Court agrees there is no evidence Plaintiff's delay was the product of bad faith. But the Court disagrees with Plaintiff's contention that his delay caused no prejudice to Defendants or to the just, speedy, and expensive resolution of this case. *See* Fed. R. Civ. P. 1.

Plaintiff filed his amended complaint 69 days late. Fact discovery closed months before Plaintiff filed his motion to retroactively extend his amendment deadline. And his motion came a mere 9 days before the dispositive motions deadline. Defendants have since filed a dispositive motion based on the *operative* complaint, and that motion is fully briefed and under advisement by the Court. (Docs. 108, 113, 119.) To permit Plaintiff to inject a new claim with new requests for relief into the case now would necessitate reopening discovery and probably a second round of dispositive motions. Thus, in addition to being unjustified, Plaintiff's delay in filing his amended complaint would prejudice Defendants, upend the case management schedule, and protract this litigation.

On the other side of the equitable ledger, the Court also is unpersuaded that Plaintiff would be prejudiced absent a bending of the rules to accommodate his unexplained delay. As noted, the operative complaint brings breach of fiduciary duty claims under ERISA. Plaintiff alleges that the plan at issue is a qualifying plan governed by ERISA (Doc. 1 ¶ 10), and Defendants *admitted* that the plan is covered by ERISA in their answer (Doc. 81 ¶ 10). Defendants have filed nothing with this Court suggesting that they intend to argue otherwise. Instead, they have repeatedly confirmed their belief that the plan at issue is governed by ERISA, as Plaintiff claims it is. (*See, e.g.*, Doc. 91 at 7 ("[A]s result of the plain language of the Plan, ERISA applies[.]")). Accordingly, there appears to be no genuine dispute between the parties that the plan is governed by ERISA, which would preempt the common law breach of fiduciary duty claim Plaintiff wishes to bring in the alternative. Indeed, given the fact that Plaintiff has alleged, and Defendants have *agreed* that ERISA governs, it is not clear to the Court why it is necessary for Plaintiff to assert an alternative common law claim, given the American judicial system is adversarial and operates on party presentation. This is not a situation in which the Court should excuse a

party's neglect to avoid an injustice.

For these reasons,

**IT IS ORDERED** that Plaintiff's motion for a retroactive extension of his deadline to file and serve his amended complaint (Doc. 106) is **DENIED** and Defendants' motion to strike Plaintiff's tardy amended pleading (Doc. 105) is **GRANTED**. The amended complaint filed at Doc. 104 is stricken. The original complaint remains operative.

Dated this 31st day of March, 2024.

Douglas L. Rayes
United States District Judge