**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Furst, et al., | No. CV-20-01651-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

According to the operative complaint, Plaintiff's parents formed DHF Corporation in the 1980s and were the company's sole shareholders. (Doc. 1 at ¶ 15.) DHF Corporation formed the DHF Corporation Profit Sharing Plan (the "Plan"), which the complaint alleges is a defined contribution, individual account, employee pension benefit plan covered by the Employment Retirement Income Security Act ("ERISA"). (*Id.* at ¶¶ 10, 16.) The Plan sponsor is DHF Corporation; the sole employee-participant of the Plan was Plaintiff's father; and prior to February 2018, the Plan trustees and administrators were Plaintiff's parents. (*Id.* at ¶¶ 17-19.) In February 2018, Plaintiff and his sister, Defendant Linda Mayne, were appointed as the Plan's new co-trustees. (*Id.* at ¶ 21.) The complaint accuses Defendant of breaching her fiduciary duties under ERISA. (*Id.* at ¶¶ 96-107.)

At issue is Plaintiff's motion under Federal Rule of Civil Procedure 12(b)(1) to dismiss his own case without prejudice for lack of subject-matter jurisdiction. (Doc. 168.) Plaintiff contends that now, after five years of litigation and "[u]pon further review," he

1  "had determined that the [P]lan is not an ERISA-covered plan as a matter of law," and therefore the Court lacks subject-matter jurisdiction because his complaint invoked only this Court's federal question jurisdiction. (*Id.* at 1; Doc. 1 at ¶ 5.)

In response, Defendant conspicuously avoids stating whether she agrees with Plaintiff's jurisdictional analysis. The response does not say whether Defendant agrees the Plan is not governed by ERISA, or whether Defendant agrees that this issue is jurisdictional in nature. And notably, Defendant previously took the position that the Plan *is* governed by ERISA because it "adopts ERISA and incorporates ERISA standards[.]" (Doc. 91 at 7.) Instead, Defendant responds that she does not oppose dismissal but asks that the Court dismiss the case with prejudice. (Doc. 169.) In reply, Plaintiff argues that dismissals for lack of subject-matter jurisdiction ordinarily operate without prejudice. (Doc. 170.)

The Court denies Plaintiff's Rule 12(b)(1) motion because it is predicated on the erroneous assumption that the issue of whether the Plan is governed by ERISA is jurisdictional. "[T]o ask whether the alleged Plan is subject to ERISA is a *merits* question." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 997-98 (9th Cir. 2010) (emphasis added). "Whether a particular 'Plan' is an employee benefit pension plan, and thus whether a particular defendant is subject to ERISA, is therefore a question on the merits of the claim, not an issue of subject matter jurisdiction." *Id.* (cleaned up).

Although the Court denies Plaintiff's Rule 12(b)(1) motion, it will order Plaintiff to show cause in writing why this case should not be dismissed *with* prejudice because Plaintiff now admits that he cannot prove an essential element of his case—namely, that the Plan is subject to ERISA.

**IT IS ORDERED** as follows:

1. By no later than **January 12, 2026**, Plaintiff shall show cause in writing, limited to **5 pages**, why this case should not be dismissed with prejudice because Plaintiff now admits that he will be unable to prove that the Plan is subject to ERISA.

2. By no later than **January 20, 2026**, Defendant may reply to Plaintiff's response

to this Court's order to show cause. Any such reply is likewise limited to **5 pages** and should address whether Defendant agrees that the Plan is not subject to ERISA, notwithstanding Defendant's contrary position earlier in this litigation. (*See* Doc. 91 at 7.)

Dated this 2nd day of January, 2026.

                                             Douglas L. Rayes
                                             United States District Judge