**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hanna Furst, et al., | No. CV-20-01651-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

    Plaintiff Robert Furst ("Robert"), who is an attorney, filed the complaint in this action on behalf of himself, his mother Hanna Furst ("Hanna"), and the DHF Corporation Proft Sharing Plan ("Plan"). According to the complaint, Hanna and her spouse, David Furst ("David"), formed DHF Corporation in the 1980s and were the company's sole shareholders.[1] DHF Corporation formed the Plan, which the complaint alleges is a defined contribution, individual account, employee pension benefit plan covered by the Employment Retirement Income Security Act ("ERISA"). The Plan sponsor is DHF Corporation. David was the sole employee-participant of the Plan. Prior to February 2018, David and Hannah were the Plan trustees and administrators. In February 2018, Robert and his sister, Defendant Linda Mayne ("Linda"), were appointed as the Plan's new co-trustees. The complaint accuses Linda of breaching her fiduciary duties under ERISA.[2] (Doc. 1.)

    The Court dismissed without prejudice the claims that Robert brought on behalf of

---

[1] David and Hannah have since passed away.
[2] The complaint also names Linda's spouse, Stephen Mayne, as a defendant for purposes of collecting a judgment against the martial community. For ease, this order refers only to Linda.

Hanna because a California superior court had appointed a conservator for Hannah, the conservator retained new counsel to represent Hannah in this matter, and new counsel sought to voluntarily dismiss those claims. The Court also dismissed the claims Robert attempted to bring on behalf of the Plan because, according to the Plan terms, Robert was not authorized to bring them.[3] The Court, however, allowed Robert's claims to proceed. (Doc. 74.) Later, the Court granted summary judgment for Linda on one aspect of Robert's claims but denied summary judgment on the remainder. (Doc. 129.)

Recently, Robert moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss his remaining claims without prejudice for lack of subject-matter jurisdiction because, "[u]pon further review," he "determined that the [P]lan is not an ERISA-covered plan as a matter of law." (Doc. 168 at 1.) The Court denied Robert's Rule 12(b)(1) motion because the issue of whether the Plan is governed by ERISA is not jurisdictional. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 997-98 (9th Cir. 2010) ("[T]o ask whether the alleged Plan is subject to ERISA is a merits question.") Instead, the Court issued an order directing Robert to show cause why his remaining claims should not be dismissed with prejudice because Robert now admits that he cannot prove an essential element of his case, namely that the Plan is subject to ERISA. (Doc. 172.)

In his response, Robert avoids directly answering this question. Although Robert agrees that his remaining claims should be dismissed, nowhere does he state whether he agrees or disagrees that such dismissal should be with prejudice. Rather, Robert requests that "regardless of whether [his] remaining claims . . . are dismissed with or without prejudice," the Court should reiterate that it previously dismissed Hannah's claims without prejudice, and therefore the dismissal of this action "is intended to be without prejudice to [Hanna's estate's] existing claims in California Superior Court, Case Number 23SMCV02014." (Doc. 173 at 5 (emphases omitted).).

In reply, Linda contends that (1) Robert's remaining claims should be dismissed

---

[3] The Court's dismissal order did not specify whether the Plan's claims were dismissed with or without prejudice. The Court's intent, however, was to dismiss those claims without prejudice because the Court passed no judgment on the merits of the claims.

- 2 -

with prejudice, (2) there is no need for the Court to reiterate that Hanna's claims were dismissed without prejudice because the Court's prior order speaks for itself, and (3) the Court should not offer an opinion on whether the dismissal of this case has any collateral consequences on Hanna's estate's claims in California Superior Court. (Doc. 174.)

Having considered the parties' submissions, the Court will dismiss Robert's remaining claims with prejudice because all parties now agree that the Plan is not subject to ERISA and, therefore, Robert cannot establish an essential element of his claims. The Court previously dismissed Hanna's claims without prejudice and nothing in this order alters that prior disposition. The Court, however, offers no opinion on whether the disposition of this case has any collateral impact on Hanna's estate's claims in California Superior Court. It is inappropriate for the Court to offer such an opinion. Whether and, if so, to what extent the disposition of this case impacts Hannah's estate's claims in California Superior Court is an issue that may be litigated, if properly raised, in the California case.

**IT IS ORDERED** as follows:

1. Plaintiff Robert Furst's remaining claims are dismissed with prejudice.
2. All existing deadlines and hearings are vacated.
3. Consistent with this order and the Court's prior orders at Docket Entries 74 and 129, the Clerk of the Court shall enter judgment as follows and terminate this case:
   a. Judgment of dismissal without prejudice as to the claims brought on behalf of Plaintiffs Hannah Furst and the DHF Corporation Proft Sharing Plan.
   b. Judgment of dismissal with prejudice as to the claims brought on behalf of Plaintiff Robert Furst.

Dated this 27th day of January, 2026.

Douglas L. Rayes
Senior United States District Judge

- 3 -