**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Hanna Furst, et al., Plaintiffs, v. Linda Mayne, et al., Defendants. | No. CV-20-01651-PHX-DLR **ORDER** |

Before the Court is Defendants Linda and Stephen S. Mayne's (collectively, "Defendants") motion for an award of attorneys' fees. (Doc. 177.) Pursuant to 28 U.S.C. § 1927, Defendants seek attorneys' fees and costs as a sanction against Plaintiff Robert G. Furst. (*Id.*) The motion is fully briefed[1] (Docs. 178, 179) and for the following reasons is denied.

## I. Background

According to the operative complaint, filed in August 2020, Plaintiff's parents formed DHF Corporation in the 1980s and were the company's sole shareholders. (Doc. 1 at ¶ 15.) DHF Corporation formed the DHF Corporation Profit Sharing Plan (the "Plan"), which the complaint alleges is a defined contribution, individual account, employee pension benefit plan covered by the Employment Retirement Income Security Act

[1] Oral argument is denied because the motion is adequately briefed, and oral argument will not help the Court resolve the issues presented. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

("ERISA"). (*Id.* at ¶¶ 10, 16.) The Plan sponsor is DHF Corporation; the sole employee-participant of the Plan was Plaintiff's father; and prior to February 2018, the Plan trustees and administrators were Plaintiff's parents. (*Id.* at ¶¶ 17-19.) In February 2018, Plaintiff and his sister, Linda, were appointed as Plan's new co-trustees. (*Id.* at ¶ 21.) The complaint accuses Linda of breaching her fiduciary duties under ERISA. (*Id.* at ¶¶ 96-107.) After over five years of litigation, this Court dismissed Plaintiff's claims with prejudice in January 2026 because all parties agreed that the Plan is not subject to ERISA and, therefore, Plaintiff could not establish an essential element of his claims. (Doc. 175.) Defendants now move for attorneys' fees as a sanction under § 1927.

## II. Discussion

### A. Legal Standard

Under § 1927, lawyers who unreasonably and vexatiously multiply court proceedings may be assessed the excess costs, expenses, and attorneys' fees incurred as a result. Section 1927 authorizes only the assessment of excess costs, expenses, and fees incurred because of an attorney's unreasonable conduct; it does not authorize an award of the total costs of litigation. *See United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347–48 (9th Cir. 1985). To award fees under this section, the Court must find that the attorney acted in bad faith. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). An attorney's bad faith is assessed under a subjective standard, and "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation and citation omitted). "Tactics undertaken with the intent to increase expenses, or delay, may also support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

### B. Analysis

Plaintiff argues that Defendants' motion is untimely because it comes after the 14-day deadline set by Federal Rule of Civil Procedure 54(d)(2)(B)(i) and LRCiv 54.2 and four months after entry of judgment. (Doc. 178 at 1–2; 6–7.) However, Rule 54(d)(2)'s 14-

day time limit does not apply to claims under § 1927. *See* Fed. R. Civ. P. 54(d)(2)(E) ("Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927"). Section 1927 does not create a filing deadline and "[t]hough the Ninth Circuit has not commented on the issue of timeliness in the context of § 1927 sanctions, other courts have held that § 1927 motions must be made within a 'reasonable time' or 'as expeditiously as possible' after the entry of judgment, and should not be 'unnecessarily or unreasonably delayed.'" *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2022 WL 1719687, at *29 (D. Ariz. May 27, 2022) (quoting *Home Gambling Network, Inc. v. Piche*, No. 2:05-CV-610-DAE, 2015 WL 1734928, *19 (D. Nev. Apr. 16, 2015). The parties have engaged in extensive litigation before this Court, including in a separate case, and before other courts. Under the circumstances the Court does not find the four-month delay between judgment and this motion unreasonable.

On the merits of the motion, Defendants argue that Plaintiff knew by June 13, 2022, at the latest, that the Plan was not governed by ERISA and so his ERISA claim was baseless, but Plaintiff continued to litigate the claim anyway. (Doc. 177 at 2.) Although this case presents a close call, ultimately the Court is not persuaded to award attorneys' fees because throughout the litigation both sides took inconsistent positions regarding the application of ERISA.

To begin, Defendants' answer admitted that the Plan was covered by ERISA. (Doc. 81 ¶ 10.) Defendants point to Plaintiff's motion to amend in which he took the position that ERISA did not apply. (Doc. 177 at 8.) But in response to that motion, Defendants took the position that the Plan was governed by ERISA because it "adopts ERISA and incorporates ERISA standards[.]" (Doc. 91 at 7.) This occurred on July 28, 2022, which is after the June 13, 2022, date that Defendants assert is the latest time that Plaintiff should have stopped pursuing his claims on that basis. (*Id.*) Then later in the litigation, Defendants' response to the Court's order to show cause did "not say whether Defendant agrees the Plan is not governed by ERISA." (Doc. 171 at 2.) A previous order of the Court already noted these

inconsistencies. (*Id.*)

This history suggests that ERISA's applicability was unclear or debatable for a substantial portion of this litigation. Accordingly, the Court does not find the bad faith required to award attorneys' fees under § 1927.

**IT IS ORDERED** that Defendants' motion (Doc. 177) is **DENIED**.

Dated this 19th day of August, 2026.

Douglas L. Rayes
Senior United States District Judge